**Dorothy Clarke LETTICE, as Executrix of the Will of Zellah May Gray, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 62–1163.**

United States District Court
S. D. California,
Central Division.

Nov. 4, 1964.

Flint & MacKay, by Paul Burks, Los Angeles, Cal., for plaintiff.

Manuel L. Real, U. S. Atty., James S. Bay, Asst. U. S. Atty., Los Angeles, Cal., for defendant the United States.

KUNZEL, District Judge.

In this action for refund the Government had first assessed a deficiency based upon the value of $300.00 per month, and then assessed a deficiency based upon the entire value of the trust.

The Government contends that under the following provision of the trust, the entire trust estate is includible in the decedent's gross estate in that the trust could have been invaded by the Settlor to the full extent of its income:

> "The Trustees, out of the net income, shall pay the sum of $300.00 per month to the Settlor so long as she shall live, and in addition thereto the Trustees shall, in their absolute discretion, use all or any part of the remaining income to provide suitable support, maintenance, comfort and enjoyment for Settlor, so long as she shall live and the reasonable expenses of her last illness and burial * * *."

The Government's position being that the word "enjoyment" connotes a subjec-

tive test and that if the Settlor had desired to use the entire income of the trust for whatever purpose, she would have been able to enforce the right to such income in a court of equity on the ground that such use would be for her enjoyment.

It is my view that the law of Missouri as announced in the cases precludes this inasmuch as the trustee had the "absolute discretion". See Bakewell v. Mercantile Trust Company, 308 S.W.2d 341 (Mo. App.1957); Lyter v. Vestal, 355 Mo. 457, 196 S.W.2d 769 (1946); and Williams v. Hund, 302 Mo. 451, 258 S.W. 703 (1924).

The claim for refund as to the deficiency of $12,832.97 is disallowed and refund for the deficiency of $72,070.64 is allowed together with the interest paid thereon in the amount of $14,373.64.

Plaintiff shall prepare findings of fact and conclusions of law in accordance herewith, and a judgment in a separate document.